**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel John Duthorn, | No. CV-23-08045-PCT-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Samuel John Duthorn's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act").  Plaintiff filed a Complaint, (Doc. 1), and an Opening Brief, (Doc. 10), seeking judicial review of that denial.  Defendant SSA filed an Answering Brief, (Doc. 14), to which Plaintiff replied, (Doc. 15).  After reviewing the parties' briefs, the Administrative Record, (Doc. 7), and the Administrative Law Judge's ("ALJ") decision, (Doc. 7-3 at 17–29), the Court will affirm the ALJ's decision for the reasons addressed herein.

## I.    BACKGROUND

Plaintiff protectively filed an Application for SSDI benefits in on August 5, 2020, alleging disability beginning January 1, 2020.  (*Id.* at 17.)  Plaintiff's claim was initially denied on December 8, 2020.  (*Id.*)  After reconsideration, Plaintiff's claim was again denied on March 11, 2021.  (*Id.*)  A hearing was held before ALJ Carla Waters on September 22, 2021.  (*Id.*)  After considering the medical evidence and opinions, the ALJ

determined that Plaintiff suffered from severe impairments lumbar and cervical degenerative disc disease, status post discectomy laminectomy, post laminectomy syndrome, a history of cauda equina syndrome, osteoarthritis, brachial neuritis, chronic pain syndrome, obesity, hypertension and an anxiety disorder.  (*Id.* at 20.)  However, the ALJ concluded that despite these impairments Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967(b) with some additional limitations.  (*Id.* at 22.)  In light of this, the ALJ concluded that Plaintiff is not disabled. (*Id.* at 29.)  Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision—making it the SSA Commissioner's (the "Commissioner") final decision—and this appeal followed.  (*Id.* at 2–5.)

## II.   LEGAL STANDARD

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019).  The Court may set aside the Commissioner's disability determination only where it is not supported by substantial evidence or is based on legal error.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion when considering the record as a whole.  *Id.*  Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 47, 954 (9th Cir. 2002).  In determining whether to reverse an ALJ's decision, district courts review only those issues raised by the party challenging the decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III.   DISCUSSION

Plaintiff argues that the ALJ committed harmful error by (1) incorrectly assuming that she was bound to adopt the physical restrictions from a previous decision's RFC pursuant to *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1998) and (2) not properly considering Plaintiff's mental impairment in the RFC.  (Doc. 10.)  The Commissioner counters that the ALJ properly interpreted *Chavez* and properly considered Plaintiff's mental impairment.

(Doc. 14.)    After reviewing the administrative record, the Court agrees with the Commissioner for the following reasons.

### A.  Reliance on Prior Decision

"The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." *Chavez*, 844 F.2d at 693.   "The claimant, in order to overcome the presumption of continuing non-disability arising from the first administrative law judge's findings of non-disability, must prove changed circumstances indicating a greater disability." *Id.* (cleaned up).  Changed circumstances may include "[a]n increase in the severity of the claimant's impairment" or "the existence of an impairment not considered in the previous application." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1995).

Even if a claimant rebuts the presumption, some of the previous ALJ's findings may be entitled to preclusive effect.  *Chavez*, 844 F.2d at 694.  The previous ALJ's findings regarding a claimant's RFC, education, and work experience should not be disturbed unless the claimant presents new and material evidence that implicates those findings.  *Id.* Following the Ninth Circuit's ruling in *Chavez*, the SSA adopted Acquiescence Ruling 97-4(9).  SSAR 97-4(9), 1997 WL 742758.  This ruling requires adjudicators to adopt the findings from the final decision on a prior claim unless there is new and material evidence related to the finding.  *See id.*

Here, Plaintiff argues that the ALJ "incorrectly assumed that she was bound by the physical restrictions assessed by the ALJ in the prior decision." (Doc. 10 at 10.)  Plaintiff contends that the ALJ's finding of new material evidence allowed her to find greater exertional restrictions than the prior decision's RFC finding. (*Id.* at 11.)  Overall, Plaintiff argues that the error is not harmless because if Plaintiff were limited to sedentary exertion, it would invoke a finding of disability. (*Id.*)  The Commissioner argues that despite this assumption, the ALJ did not adopt the previous findings and therefore did not err. (Doc. 14 at 6–7.)

In a previous ALJ decision from June 2017, Plaintiff was found not disabled. (Doc.

7-4.)  Here, the ALJ noted that decision, but held that the Plaintiff rebutted the presumption of continuing non-disability due to the presentation of new material evidence that was not previously considered and the Plaintiff's change in age category.  (Doc. 7-3 at 27.)  The ALJ then stated "[T]he evidence is material, as that term is defined for purposes of *Chavez* and AR 97-4(9), regarding the findings of the Prior Decision.  The undersigned is required by *Chavez* and AR 97-4(9) to adopt those findings in this decision."  (*Id.*)

The Commissioner states that inclusion of this language "appears to be a scrivener's error."  (Doc. 14 at 6.)  The Court agrees.  Despite including this language, the ALJ did not adopt the previous ALJ's physical RFC findings.  Instead, the ALJ added further physical limitations regarding standing and walking times and occasional climbing of ramps and crawling.  (*Compare* Doc. 7-3 at 22, *with* Doc. 7-4 at 10.)  Although the ALJ stated that the *Chavez* presumption applied, the ALJ did not functionally apply the presumption.  Her analysis did not proceed as if she were bound by the prior findings.  Rather, she proceeded to evaluate Plaintiff's claim on the merits and thoroughly analyzed the record.  (*See* Doc. 7-3.)  As a result of her analysis, she modified Plaintiff's RFC.  (*Id.* at 22.)  If she believed she were bound by the previous findings, she would not have done this.  In short, the ALJ's inclusion of this language was, at most, harmless error.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (finding that harmless error principles apply when an error is inconsequential to the ultimate nondisability determination).  The Court accordingly finds that this inclusion does not constitute harmful error.

**B.  Mental Impairment Consideration**

Whenever the step two impairment inquiry is a mental impairment, the regulations require the use of a "special technique" to determine whether the impairment is severe.  20 C.F.R. § 404.1520a(a).  The first step is to evaluate the claimant's "pertinent symptoms, signs, and laboratory findings to determine whether [he or she has] a medically determinable mental impairment(s)." § 404.1520a(b)(1).  If so, the next step is to "rate the degree of functional limitation resulting from the impairment(s)." § 404.1520a(b)(2).  The degree of functional limitation is rated based on "the extent to which [the claimant's]

impairment(s) interferes with [his or her] ability to function independently, appropriately, effectively, and on a sustained basis." § 404.1520a(c)(2).  There are four broad functional areas in which the degree of functional limitation is rated: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself.  § 404.1520a(c)(3).

The degree of limitation in each of the four functional areas is rated on a five-point scale: none, mild, moderate, marked, and extreme. § 404.1520a(c)(4).  If the degrees of limitation are rated as "none" or "mild," the claimant's limitations are "generally" concluded to be non-severe, "unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." § 404.1520a(d)(1).  An ALJ is required to incorporate this special technique into her written decision and to include a specific finding as to the degree of limitation in each of the four functional areas.  § 404.1520a(e)(4).  In turn, the ALJ must consider any mental impairment when determining Plaintiff's RFC.  *See* 20 C.F.R. § 404.1545(a)(2); *Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017); *Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014).

Plaintiff contends that the ALJ's adopted RFC is flawed because "she failed to properly account for the moderate limitations in maintaining concentration, persistence, and pace" which the ALJ adopted in her psychiatric review technique ("PRT") findings. (Doc. 10 at 13.)  Plaintiff argues that the ALJ was required to consider, or at least make it clear that she considered Plaintiff's mental limitations in her RFC determination.  (*Id.* at 14.)  The Commissioner counters that the ALJ properly considered this limitation.  (Doc. 14 at 8–12.)

The Court agrees with Commissioner that the ALJ properly undertook this evaluation.  First, the ALJ determined that the Plaintiff had a severe mental impairment of anxiety disorder. (Doc. 7-3 at 20.)  However, the ALJ then found that Plaintiff did not have an impairment or combination of impairments that met a per se disabling impairment.  (*Id.*)  As part of this analysis, the ALJ found that Plaintiff has a moderate limitation with regard

to concentrating, persisting or maintaining pace.  (*Id.* at 21.)  The ALJ then discussed this impairment as part of the RFC analysis.  (*Id.* at 26)

This analysis shows that the ALJ did consider the mental impairment when reaching her RFC.  This stands in direct contrast to Plaintiff's cited authorities—*Solomon v. Comm'r of Soc. Sec. Admin.*, 376 F. Supp. 3d 1012, 1021 (D. Ariz. 2019) and *Heller v. Comm'r of Soc. Sec. Admin.*, No. CV-21-00857-PHX-GMS, 2023 WL 2806607 (D. Ariz. Apr. 6, 2023).  In *Solomon*, the court held that the ALJ must *consider* these types of limitations in calculating a claimant's RFC.  376 F. Supp. at 1021.  The ALJ did that here.  (Doc. 7-3 at 26.)  In *Heller*, the court held similarly, and in fact cited *Solomon* for this proposition.  2023 WL 2806607, at *3.  It is clear from the decision that the ALJ considered Plaintiff's limitations in her RFC discussion, and that her conclusions were supported by substantial evidence.

In short, the ALJ properly addressed Plaintiff's mental limitations at all relevant points of her analysis.  Therefore, the ALJ did not err, and the Court will also affirm on this issue.

## IV.  CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** affirming the October 25, 2021 decision of the ALJ, as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgement consistent with this Order and close this case.

Dated this 4th day of March, 2024.

Honorable Susan M. Brnovich
United States District Judge